## AS TO EVIDENCE OF THE VALUE OF HOUSEHOLD GOODS DESTROYED BY FIRE.

Circuit Court of Cuyahoga County.

THE GERMAN FIRE INSURANCE COMPANY OF PITTSBURGH, PA., v. DUNCAN BURKE.

Decided, November 27, 1911.

In an action on a fire insurance policy, covering household goods, the owner may give his opinion as to the value of his own property and evidence of its cost is some evidence of its actual value.

*C. W. Fuller* and *L. R. Canfield,* for plaintiff in error.
*R. E. McKisson,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

In this action we are asked to reverse a judgment on a fire insurance policy.

It is claimed that the judgment is not supported by the evidence in that the insured failed to show that he made proper proof of loss under the terms of the policy and that he failed to show, by any competent evidence, what was the value of the goods destroyed.

The company had immediate notice of loss and sent a man the same day to investigate it; the insured appears to have gone to the office of the state fire marshal, and testifies that he there made proof of loss, swore to it and delivered the same to the man who came to inspect the loss. The agent of the company says he never received this. Notification of loss and list of goods destroyed and their value was made out by counsel for the insured, and mailed to a soliciting agent of the company. While at first denying receipt of these letters, the original turned up at the trial in the hands of the proper agent. The clerk of insured's counsel testifies that the list was sworn to by the insured, as he does himself. The company fails to produce this sworn statement, but does produce the list, without affidavit attached.

On a careful reading of the evidence, we think the jury might well have found, as it did, that the insured furnished proof of loss as required by the policy.

And the only evidence as to value of the goods destroyed was given by the insured and his wife and one Fay, a mover, whose testimony was objected to. Fay was qualified by the cross-examination of the company.

An owner can always give his opinion as to the value of his own property. This the insured did, giving the cost of the various items destroyed. The wife testified to the same. This was *some* evidence of the *actual* value of the goods. These witnesses could have been cross-examined as to how long the insured had owned them and their condition, showing wear and tear, etc. The company could have introduced other evidence tending to show a lower value to the goods, due to depreciation. This it did not choose to do.

The evidence seems to fully sustain the verdict, and finding no prejudicial error in the record, we are able to certify, as required by law, that substantial justice was done by the complaining party.

Judgment affirmed.